**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISON**

MELISSA LEDBETTER,     )
             )  Civil Action No.
 Plaintiff,        )
             )
v.            )
             )  JURY TRIAL DEMANDED
BEST BUY STORES, L.P.,    )
             )
 Defendant.       )
_____ )

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Melissa Ledbetter, by and through her undersigned counsel, and files this her Complaint for Damages against Defendant Best Buy Stores, L.P. ("Defendant") stating as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action to recover damages for Defendant's unlawful discrimination and retaliation in violation of the Equal Pay Act ("EPA").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4).

1

3.

Defendant is subject to specific jurisdiction in this Court over the claims asserted in this action. In addition, a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District.  In accordance with 28 U.S.C. §§ 1391(b)(1) and (2), venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is a female citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

6.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, C T Corporation System, 289 S. Culver St., Lawrenceville, Georgia 30046.

## FACTUAL ALLEGATIONS

7.

Plaintiff began her employment with Defendant on June 15, 2006. At the

2

time of her termination, Plaintiff was General Manager of Defendant's store at 6875 Douglas Blvd., Douglasville, Georgia 30135.

8.

Throughout Plaintiff's employment with Defendant, she repeatedly complained about pay disparities that she was experiencing on the basis of her sex (female) and her sexual orientation (lesbian).

9.

On or about November 15, 2016, Plaintiff met with Gail Wall, who held the position of Senior Market HR at the time. Plaintiff informed Ms. Wall that David Wagner, District Manager, was discriminating against her because she was the only female General Manager in the district and that her pay did not align with the pay of Plaintiff's heterosexual male General Managers.

10.

Ms. Wall informed Mr. Wagner of Plaintiff's complaints and told Plaintiff that she and Mr. Wagner would reconsider Plaintiff's pay after her next performance appraisal.

11.

Plaintiff received her next performance appraisal in April 2017. The result of this appraisal was a significant drop from the last appraisal, prior to Plaintiff's

3

complaint to Ms. Wall.  This was also the first appraisal Plaintiff ever received that was below expectations.

12.

On or about September 13, 2018, Plaintiff again informed Defendant about her experience.  She complained to William Isaac, Senior Manager Employee Relations that was still being paid less than the heterosexual male General Managers.

13.

On May 27, 2019, a shoplifter was apprehended in Plaintiff's store.

14.

On June 20, 2019, Plaintiff was terminated. Defendant's stated reason for Plaintiff's termination was that she violated company policy by engaging with the aforementioned shoplifter.

15.

There have been multiple incidents involving shoplifters where heterosexual male employees of Defendant similarly engaged with shoplifters, allegedly in violation of Defendant's policy, but were not terminated.

16.

Any reason given for Plaintiff's termination is pretext for unlawful

retaliation in response to Plaintiff engaging in protected activity under the EPA.

## CLAIMS FOR RELIEF

### COUNT I :
### EQUAL PAY ACT VIOLATION

17.

Plaintiff re-alleges paragraphs 1-16, as if set forth fully herein.

18.

Plaintiff is a female and, therefore, a member of a protected class.

19.

At all times relevant, Defendant has been an employer subject to the EPA.

20.

Plaintiff performed work requiring equal skill, effort, and responsibility under similar working conditions as male General Managers.

21.

Plaintiff was paid less than other General Managers who were male.

22.

Defendant treated Plaintiff differently than other employees outside of Plaintiff's protected sex class. Any alleged non-discriminatory reason given by Defendant for treating Plaintiff differently than employees outside of Plaintiff's protected class is pretext for unlawful discrimination.

23.

As a direct and proximate result of Defendant's actions and omissions, Plaintiff has suffered damages, including lost wages.

24.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's actions toward Plaintiff were reckless and undertaken in bad faith.

25.

Plaintiff is entitled to liquidated damages on her EPA claim.

## **COUNT II:**

## **RETALIATION IN VIOLATION OF THE EQUAL PAY ACT**

26.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

27.

Plaintiff is a female and a member of a protected class.

28.

Plaintiff's complaints and opposition to disparate pay based on sex constitute protected activity under the EPA.

29.

Defendant subjected Plaintiff to adverse action (termination) because of her

protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

30.

There was a causal connection between the protected conduct and the adverse action of termination. Defendant violated the EPA in its termination of Plaintiff.

31.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

32.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

33.

Plaintiff is entitled to liquidated damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

**WHEREFORE**, Plaintiff prays the court for judgment and relief as follows:

(a)     General damages for mental and emotional suffering caused by Defendant's unlawful conduct on Plaintiff's EPA retaliation claim;

(b)     Damages for lost wages and benefits and prejudgment interest thereon on all claims;

(c)     Liquidated damages on Plaintiff's EPA claims;

(d)     Reasonable attorneys' fees and expenses of litigation on all claims;

(e)     Trial by jury as to all issues;

(f)     Prejudgment interest at the rate allowed by law on all claims;

(g)     Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights on all claims;

(h)     Injunctive relief of reinstatement, or front pay in lieu thereof on all claims, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)     All other relief to which she may be entitled.

Respectfully submitted, this 3rd day of July, 2020.

**BARRETT & FARAHANY**

s/ *Ian E. Smith*
Ian E. Smith
Georgia Bar No. 661492
*Attorney for Plaintiff*

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
iesmith@justiceatwork.com